Joe Stevenson SADDLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 575, Docket 75–2130.

United States Court of Appeals,
Second Circuit.

Argued Jan. 20, 1976.

Decided Feb. 20, 1976.

Edward M. Chikofsky, New York City, for appellant.

Alvin A. Schall, Asst. U. S. Atty. (David G. Trager, U. S. Atty. for the Eastern District of New York, Paul B. Bergman, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before LUMBARD, SMITH and MANSFIELD, Circuit Judges.

PER CURIAM:

Joe Stevenson Saddler appeals from an order of the United States District Court for the Eastern District of New York, Mark A. Costantino, *Judge,* entered on December 20, 1974, denying, without an evidentiary hearing, his motion pursuant to 28 U.S.C. § 2255 to vacate the court's judgment entered on February 16, 1973, convicting him of one count of an indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a) based upon his plea of guilty entered on December 14, 1972. Appellant, who is presently incarcerated at the Federal Penitentiary in Atlanta, Georgia, where he is serving a 12-year prison sentence, imposed by the court subject to eligibility for early release on parole pursuant to 18 U.S.C. § 4208(a)(2), contends that he was mentally incompetent to enter a voluntary and intelligent plea. In response to appellant's petition the government cross-moved for an order directing that appellant be examined pursuant to 18 U.S.C. § 4241 [1] for the purpose of determining his present mental condition and retrospectively determining his mental condition on the dates of his guilty plea and sentence so that the district court might then determine whether he was mentally competent to plead to the indictment and, if so, to be sentenced. The cross-motion was also denied by Judge Costantino.

We reverse with directions to vacate the sentence and to direct that a determination be made in accordance with 18 U.S.C. § 4244 [2] of appellant's mental competency at the time of pleading, sentence, and at present, and that the district court then take such further action as is appropriate and consistent with this opinion.

1. The pertinent part of 18 U.S.C. § 4241 reads: "A board of examiners for each Federal penal and correctional institution . . . shall examine any inmate of the institution alleged to be insane or of unsound mind . . . and report their findings and the facts on which they are based to the Attorney General."
The Attorney General thereafter may instruct the warden of the penal institution to remove the prisoner to a proper government facility in light of the findings of the psychiatric evaluation.

2. In pertinent part 18 U.S.C. § 4244 provides: "Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency . . . . [T]he court shall cause the accused . . . to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. . . . If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto."

Before accepting appellant's guilty plea on December 14, 1972, Judge Costantino conducted the usual Rule 11 inquiry, receiving rational and coherent answers from Saddler. It further appears that on the previous day Saddler had testified in a coherent manner at a suppression hearing. However, upon the acceptance of appellant's guilty plea on December 14, 1972, his then Legal Aid counsel asked the court whether, in view of appellant's background, which included narcotics addiction, the court would "in aid of sentence" order that a narcotics and psychiatric appraisal be made of appellant. This application was granted and Saddler's attorney stated that an order would be submitted. However, no such order was ever presented to or signed by the Judge.

On February 16, 1973, appellant appeared with a different Legal Aid counsel for sentencing. There had been presented to the court a pre-sentence report by the Probation Office which disclosed that appellant had a history of mental illness, including hospitalization in the Harlem Hospital in 1969 after an attempted suicide and in the Bellevue Hospital in March 1972. The report also revealed that he had been addicted to narcotics since 1970. Appellant's counsel confirmed to the court that appellant had a background of mental disturbances and added that a letter from Knickerbocker Hospital, where appellant had been treated, indicated that he had suffered great emotional problems since his childhood. The attorney further advised the court that he found his client on that day to be incoherent. The record reveals that when Judge Costantino inquired of appellant whether he wished to say anything on his own behalf by way of right of allocution before imposition of sentence, the judge received unresponsive replies from appellant.[3] Judge

Costantino then rejected the request of appellant's counsel that appellant be sentenced for study pursuant to 18 U.S.C. § 4208(b)[4] to determine what sentence should be imposed, and imposed a 12-year prison sentence with the proviso that the appellant would be eligible under § 4208(a)(2) for consideration for early parole by the Parole Board.

On April 4, 1974, appellant filed a pro se § 2255 motion to withdraw his guilty plea and set aside his conviction on the ground that the plea had not been voluntarily and intelligently made and to have an evidentiary hearing. Saddler appeals from the district court's denial of these motions on December 20, 1974. The government, in turn, has renewed on appeal its suggestion that Saddler be examined pursuant to 18 U.S.C. § 4241.

## DISCUSSION

■ Before accepting a guilty plea the district court must of course satisfy itself that the defendant is offering the plea voluntarily and that he is competent to understand the nature of the charge, his constitutional rights, and the scope of the penalty provided by law. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *United States v. Malcolm,* 432 F.2d 809 (2d Cir. 1970); *United States ex rel. Curtis v. Zelker,* 466 F.2d 1092 (2d Cir.), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1405, 35 L.Ed.2d 612 (1973); *Irizarry v. United States,* 508 F.2d 960 (2d Cir. 1974); *Ferguson v. United States,* 513 F.2d 1011 (2d Cir. 1975). Since a guilty plea is the equivalent of a conviction and involves the defendant's waiver of precious constitutional rights, *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), the district courts have been instructed to exer-

---

3. "The Court: Do you have anything to say? Do you have anything to say on behalf of yourself?

    "The Defendant: What it look like?
    "The Court: You want to say—
    "The Defendant: What it look like? I here.
    "The Court: No, this Court is ready for sentencing then. Not under 4208(b).

"All right, the Court passes sentence on this defendant: 12 years, 4208(a)(2).
    "The Defendant: My attorney?"

4. Title 18 U.S.C. § 4208(b) authorizes the court to commit the defendant to the custody of the Attorney General for study and a recommendation of the Bureau of Prisons in aid of sentencing.

cise the "utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama, supra,* 395 U.S. at 243–44, 89 S.Ct. at 1712. The plea may be accepted only if the waiver is found to be voluntary and intelligently given. The judge must satisfy himself that the defendant has the mental capacity to make a "reasoned choice" among the alternatives presented, *Sieling v. Eyman,* 478 F.2d 211 (9th Cir. 1973). If the judge, in response to his Rule 11 inquiries or because of information received from other sources, has reasonable grounds to doubt the defendant's competence, he must refuse to accept the plea or defer acceptance pending a request for an examination of the defendant's mental capacity pursuant to 18 U.S.C. § 4244, which may be requested by the U.S. Attorney, the defendant or ordered *sua sponte* by the court.

■ Similarly, the court should not proceed with sentence unless the defendant is mentally competent. Otherwise his right of allocution, *Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), would be meaningless. If at the time of sentence the judge has reasonable grounds to believe that the defendant may not have a level of awareness sufficient to understand the nature of the proceeding or to exercise his right of allocution, the judge should not proceed until he is satisfied that the defendant has the requisite mental capacity. Anticipating that a study and determination of mental competency may be required even at this late stage in the proceedings, § 4244 provides that it may be ordered at any time "after arrest and *prior to the imposition of sentence* or prior to the expiration of any period of probation . . . ." (Emphasis supplied).

■ Here it does not appear that the court, at the time when appellant sought to plead guilty, had any reason to believe that the plea could not be voluntarily and intelligently entered. Saddler's answers to the court's Rule 11 inquiries, his demeanor and his testimony at the previous day's suppression hearing, all appeared to be rational and coherent. His prior narcotics addiction, standing alone, would not have rendered him incompetent to plead guilty, *United States ex rel. Fitzgerald v. LaVallee,* 461 F.2d 601, 602 (2d Cir.), *cert. denied,* 409 U.S. 885, 93 S.Ct. 921, 34 L.Ed.2d 142 (1972), absent evidence of irrational behavior. At the time of pleading the court apparently did not have any evidence of a history of mental illness. The request of appellant's counsel for an examination in "aid of sentence" hardly indicated doubts as to his client's competency to enter his guilty plea; the request, on the contrary, was expressly made with a view to determining what type of sentence would be most suitable.

When the defendant appeared for sentencing, however, the picture before the judge had changed in material respects. The court was now faced with evidence that the defendant lacked the mental capacity to proceed with sentencing. The evidence, furthermore, was sufficient to raise a doubt as to whether he had had the competency to enter a voluntary and intelligent guilty plea less than two months earlier. Judge Costantino was now aware of appellant's history of mental illness, including repeated hospitalizations, his attempted suicide, and his present incoherence to the point where his attorney was unable to have a rational conversation with him, which was confirmed by Saddler's apparently unresponsive and irrational answers to the court's one or two inquiries. These facts, furthermore, had to be appraised in the light of his earlier, Legal Aid counsel's request for a § 4244 examination and his present Legal Aid counsel's request for a commitment—albeit pursuant to § 4208(b)—that would require an examination into the defendant's mental condition.

■ Against this background it was error to proceed with sentencing, since it was apparent that appellant lacked the capacity to exercise his right of allocation, Rule 32(a), F.R.Cr.P.; *United States v. Malcolm,* 432 F.2d 809 (2d Cir. 1970). The proper course was to defer sentencing,

pending the conduct of a court-ordered § 4244 examination and hearing to ascertain his capacity to proceed. *United States v. Knohl,* 379 F.2d 427, 435 (2d Cir.), *cert. denied,* 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967). Furthermore, having been alerted by this flurry of warning flags to the possibility that appellant might also have been mentally incompetent to plead two months earlier, the court should have directed that the § 4244 examination be expanded to determine the defendant's competency to plead. Had that course been pursued, we would not now be faced with the necessity of ordering a retrospective examination some three years later, a procedure that is frowned upon, see *Drope v. Missouri,* 420 U.S. 162, 183, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 386, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), but which has been followed in cases where, as here, no reasonable alternative remained. See *United States ex rel. Suggs v. LaVallee,* 523 F.2d 539 (2d Cir. 1975); *Miranda v. United States,* 458 F.2d 1179 (2d Cir. 1972); *Conner v. Wingo,* 429 F.2d 630 (6th Cir. 1970).

Accordingly, the order of the district court is reversed and the case is remanded with directions to vacate the sentence imposed upon appellant and to transfer the case to another judge of the court who shall pursuant to 18 U.S.C. § 4244 make a study and determination of appellant's mental competency to plead to the indictment on December 14, 1972, and of his present mental capacity to plead to the indictment and to undergo trial or sentencing. Depending upon the findings made with respect to the appellant's mental capacity to plead to the indictment on December 14, 1972, the court will take appropriate action. If the appellant is not found to have been mentally competent to plead, the plea will be vacated. Similarly, depending upon the findings with respect to appellant's present mental capacity, the court will determine whether appellant should be resentenced or permitted to replead.