982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Glenn STEWART, Defendant-Appellant.
 No. 92-6078.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1992.
 
 1
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and LUNGSTRUM, District Judge.[1]
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 JOHN W. LUNGSTRUM, District Judge, Sitting by Designation.
 
 
 4
 Defendant-Appellant Donald Glenn Stewart pleaded guilty to possession with intent to distribute amphetamine. 21 U.S.C. § 841(a). On February 18, 1992, the District Court sentenced the Defendant to sixty (60) months imprisonment, three (3) years of supervised release and a $50.00 special assessment. Defendant's principal complaint is that use of the relevant conduct guideline was inconsistent with the dismissal of counts obtained in connection with his plea bargain. Defendant also argues that the district court erred in considering statements allegedly made by defendant in debriefing sessions during plea negotiations. We affirm the decisions and findings of the district court.
 
 
 5
 On September 18, 1992, Defendant, along with co-defendant Gregory Jacobs, was indicted in an eight (8) count indictment in the Western District of Oklahoma. Defendant was charged with conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846, and Title 21, United States Code, Section 841(a); two (2) counts of possession with the intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a); and two (2) travel counts in violation of Title 18, United States Code, Section 1952(a)(3).
 
 
 6
 During trial, counsel for the Government discovered an error in the indictment in that the drug involved in the initial distribution alleged in Count 4 of the indictment was actually amphetamine, not methamphetamine as had been alleged in the indictment. Counsel for the Government brought this error to the District Court's attention and filed a motion to dismiss without prejudice to correct said error on December 16, 1991. On the morning of December 17, 1991, Defendant filed an objection to the Government's motion to dismiss without prejudice and also filed his own motion to dismiss with prejudice. The trial court did not rule on either motion to dismiss. Instead, the Government and Defendant announced a plea agreement that same morning. The Defendant waived indictment and entered a plea of guilty to a superseding information, charging him with one count of distribution of 112 grams of amphetamine.
 
 
 7
 Defendant was sentenced on February 18, 1992. For that purpose, the district court accepted the calculation in the presentence report that the transactions Defendant was involved in, including those transactions in the counts of the indictment that had been dismissed, totaled an equivalent of 2,848 kilograms of marijuana, concluded that those transactions were "relevant conduct" under U.S.S.G. § 1B1.3(a)(2), and calculated a base offense level of 32. The district court granted a two level reduction for acceptance of responsibility, for a total offense level of 30. That combined with Defendant's criminal history category of II to give a guideline imprisonment range of 108 to 135 months. However, due to the fact that the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(D) is five years, Defendant received a sentence of sixty (60) months.
 
 
 8
 We review the factual findings of the district court under the clearly erroneous standard and while we give due deference to the district court's application of the sentencing guidelines to the facts, when that application involves contested issues of law, we review de novo. 18 U.S.C. § 3742(e); United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.1990).
 
 
 9
 Defendant contends that the district court erred in considering as relevant conduct the quantities of narcotics involved in the transactions that were the subjects of the counts dismissed as a result of his plea bargain. Defendant states that consideration of those quantities as relevant conduct was "in violation of the Superseding Information to which the Defendant pled guilty, the plea agreement entered into, the mandates of the Federal Sentencing Guidelines and the existing case law."
 
 
 10
 There can be no question that when a defendant is convicted or pleads guilty to drug possession with intent to distribute, the district court must factor in the quantities of other drugs that were part of the same course of conduct or plan as the offense of which the defendant was found guilty. United States v. Laster, 958 F.2d 315 (10th Cir.1992); United States v. Ruth, 946 F.2d 110 (10th Cir.1991; United States v. Gallegos, 922 F.2d 630 (10th Cir.1991); United States v. Ross, 920 F.2d 1530 (10th Cir.1990); United States v. Harris, 903 F.2d 770 (10th Cir.1990); and United States v. Boyd, 901 F.2d 842 (10th Cir.1990). It is not necessary for the defendant to be convicted or even indicted for additional quantities to be added. United States v. Ross, 920 F.2d 1530 (10th Cir.1990). Furthermore, we have upheld the authority of sentencing judges to apply the relevant conduct guideline to activity charged in dismissed counts. United States v. Rutter, 897 F.2d 1558 (10th Cir.1990).
 
 
 11
 We find that the fact that the Defendant entered into a plea agreement, which resulted in the dismissal of some indicted charges, does not affect the propriety of the sentencing court applying the relevant conduct guideline to the dismissed counts. The plea was made with knowledge of the relevant guidelines provisions, and there was no agreement that the provisions of the guidelines would not be followed.
 
 
 12
 The Second Circuit dealt with the same issue raised here in United States v. Quintero, 937 F.2d 95 (2nd Cir.1991). We find the Second Circuit analysis persuasive. Quintero pleaded guilty to one count of his indictment, for selling 28 grams of crack, but was sentenced on the basis of all four counts, 886 grams, under the relevant conduct guideline for groupable offenses. Id. at 95-96. The court stated:
 
 
 13
 The relevant conduct guideline and the plea bargaining policy statement are readily reconcilable, once it is realized that the sentencing judge's assessment of the adequacy of the remaining counts is to be determined in light of the sentence authorized for those counts by all of the guidelines, including the relevant conduct guideline.
 
 
 14
 Long prior to the sentencing guidelines it was settled that a sentence on a count of conviction could be based on conduct charged in dismissed counts.... Nothing in the Commission's plea bargaining policy statement indicates that the Commission intended to alter that pre-guidelines practice. It may well be that the precision introduced by the guideline system, calibrating the extent of punishment according to the extent of wrongdoing--in this case the quantity of drugs distributed--has brought into sharp focus the significance of basing sentences on conduct charged in dismissed counts. If so, that simply illustrates that, for all the criticisms the guidelines have attracted, one of their virtues is the illumination of practices and policies that were applicable in the pre-guidelines era, but that received less attention when sentences were only a generalized aggregation of various factors, many of which were frequently unarticulated.
 
 
 15
 Id. at 97 (citations omitted).
 
 
 16
 Our conclusion, that the use of the dismissed counts to determine the offense level was proper, is in accord with the conclusions of all the other circuits which have considered this issue.[2]
 
 
 17
 The court finds no merit to Defendant's second argument that Defendant's sentence should be remanded due to the District Court's alleged use of statements made by Defendant relative to plea negotiations. A thorough review of the record shows that the District Court did not utilize statements of Defendant made during plea negotiations in its calculation of the base offense level.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Honorable John W. Lungstrum, United States District Judge for the District of Kansas, sitting by designation
 
 
 [2]
 See United States v. Wright, 873 F.2d 437 (1st Cir.1989); United States v. Quintero, 937 F.2d 95 (2nd Cir.1991); United States v. Frierson, 945 F.2d 650 (3rd Cir.1991); United States v. Williams, 880 F.2d 804 (4th Cir.1989); United States v. Rodriguez-Nuez, 919 F.2d 461 (7th Cir.1990); United States v. Fine, 975 F.2d 596 (9th Cir.1992); United States v. Scroggins, 880 F.2d 1204 (11th Cir.1989)