25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Allyson Anton CARMICHAEL, a/k/a Vincent Amey, Defendant-Appellant.
 No. 93-5758.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 16, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-93-5-BO).
 Edwin C. Walker, Asst. Federal Public Defender, Raleigh, NC, for appellant.
 J. Douglas McCullough, U.S. Atty., Christine B. Hamilton, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Allyson Anton Carmichael pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g) (West Supp.1994), and was sentenced to a term of 105 months imprisonment. Under his plea agreement, a second count charging possession of a firearm with an altered or obliterated serial number was dismissed. Carmichael's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Carmichael has filed a pro se supplemental brief raising additional issues. We affirm.
 
 
 2
 Because Carmichael had served several months of a state sentence for the same conduct underlying his federal offense,[1] his attorney asked the district court to sentence him at the bottom of the guideline range. Instead, the court gave him a sentence at the top of the range. On appeal, defense counsel argues that the sentencing court erred by not giving Carmichael credit for the time he served on the state sentence. The issue is without merit. The district court chooses a sentence within the guideline range in its discretion. Williams v. United States, 60 U.S.L.W. 4206, 4210 (U.S.1992). Guideline section 5G1.3[2] did not apply here because Carmichael had been paroled from his prior sentence of imprisonment.
 
 
 3
 Carmichael argues in his supplemental brief that criminal history points were incorrectly given for one sentence in each of three pairs of prior sentences in different states. Because in each case there was an intervening arrest, in no case were the sentences related. U.S.S.G. Sec. 4A1.2, comment. (n.3). Criminal history points were correctly given for each prior sentence. Carmichael also contends that his plea agreement was violated when his base offense level was enhanced because the firearm he possessed had an altered obliterated serial number. U.S.S.G. Sec. 2K2.1(b)(4). We find no error. All acts committed by the defendant during the offense of conviction are relevant conduct for sentencing purposes. U.S.S.G. Sec. 1B1.3(a)(1). Conduct in dismissed counts may be considered. See United States v. Quintero, 937 F.2d 95, 97 (2d Cir.1991).
 
 
 4
 We therefore affirm the sentence imposed. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Carmichael was convicted of assaulting a police officer with a deadly weapon and sentenced to three years imprisonment. He was paroled to federal custody in January 1993
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)