10-5212-cr
United States v. Bosgang

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand twelve.

Present:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                                No.      10-5212-cr

Alvin J. Bosgang,
> *Defendant - Appellant*.

_____

FOR APPELLANT:          Vivian M. Williams, Vivian M. Williams and Associates PC, New York, N.Y.

FOR APPELLEE:           Peter A. Norling, William P. Campos, Assistant United States Attorneys, *of counsel*, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

_____

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Alvin Bosgang appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), entered December 21, 2010, upon his plea of guilty, convicting him of mail fraud in violation of 18 U.S.C. § 1341. Bosgang pled guilty to submitting a false claim form to David Berdon & Company that represented Bosgang owned stock in the KeySpan Corporation in order to receive a class action settlement from the KeySpan Corporation Securities Litigation. The district court sentenced Bosgang to 30 days' imprisonment, three years' supervised release, a fine of $250,000, and restitution of $1,395,694.78. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

Bosgang argues that the restitution order that also required restitution to be paid to three other class action claims administrators violated his Due Process rights, specifically his right to reasonable notice of the charges. While a court cannot convict and sentence a defendant for a crime never charged, the record in the present case is bereft of any indication the district court sentenced Bosgang based on anything other than the formal charge in the information. Bosgang agreed in his plea agreement to plead guilty to one count of violating 18 U.S.C. § 1341. The district court accepted Bosgang's plea after he explained in open court, "in connection with the

2

crime charged," that he falsely represented to the class action claims administrator Berdon that he owned shares of KeySpan Corporation in order to receive part of a class action settlement.

Equally transparent throughout the record is the fact that the district court and all parties understood the district court would consider Bosgang's history of using fraudulent class action claims forms to receive class action settlement funds. The district court committed no error in considering this history. Distinct from considerations of guilt are considerations of the sentence to be imposed, over which a sentencing court has wide discretion. Williams v. New York, 337 U.S. 241, 246 (1949). Considerations of the sentence to be imposed can include the defendant's background, character, and conduct, 18 U.S.C. § 3661, as well as conduct clearly beyond the conduct forming the basis of the charged offense. See United States v. Yannotti, 541 F.3d 112, 129 (2d Cir. 2008) (conduct jury found unproven); United States v. Quintero, 937 F.2d 95, 97 (2d Cir. 1991) (activity charged in dismissed counts); United States v. Fernandez, 877 F.2d 1138, 1141-42 (2d Cir. 1989) (on full quantity seized from defendant not just quantity admitted in guilty plea); United States v. Guerrero, 863 F.2d 245, 247-50 (2d Cir. 1988) (totality of the conduct relevant to the offense of conviction not just that which the defendant pled guilty to possessing).

Bosgang's contention that the district court could not impose a sentence based on the three other fraudulent class action claims is entirely without merit. A district court can consider the full range of a defendant's illegal conduct in imposing a sentence, and there is no requirement that a court cabin its sentence to that conduct to which the defendant pled. See Fernandez, 877 F.2d at 1141-42 (holding that a court can properly sentence a defendant based on the full range of the defendant's conduct and not just on the conduct the defendant admitted

3

committing); Guerrero, 863 F.2d at 250 (same). Likewise, Bosgang's contention that the district court cannot order restitution to victims not included in the information is equally without merit. A court is authorized to order restitution to "persons other than the victim of the offense," if the parties so agree in the plea agreement. 18 U.S.C. § 3663(a)(1); United States v. Firment, 296 F.3d 118, 122 (2d Cir. 2002). We therefore reject Bosgang's argument because his plea agreement expressly detailed that the restitution order would include restitution for Berdon and the other three claims administrators.

Bosgang argues that even if the district court could properly consider and order restitution based on the three other fraudulent class action claims, the district court was required to inform him of that in order to fulfill its obligation to make certain inquiries under Fed. R. Crim. P. 11. He argues that because the information did not reference the other three class action claims administrators he did not know he could be sentenced to pay restitution to those claims administrators and so his plea was not knowing and voluntary. This argument fails for several reasons.

Rule 11 requires a sentencing court to inform the defendant and to determine that defendant understands any maximum possible penalty and any mandatory minimum penalty, the court's authority to order restitution, and the advisory nature of the sentencing guidelines, 18 U.S.C. § 3553(a)(1), which the district court in this case clearly did. "[T]here is no requirement in Rule 11 itself that defendants be advised of their potential punishments pursuant to the Sentencing Guidelines rather than the criminal statute . . . ." United States v. Andrades, 169 F.3d 131, 134 (2d Cir. 1999). So long as the district court fulfills these duties, which it did in this case, Rule 11 does not mandate that the district court also inform the defendant that a sentence

4

could be based on the defendant's background and conduct that does not form the basis of the offense. See Fernandez, 877 F.2d at 1142-44 (holding the district court committed no error in failing to explain that the sentencing range would be based on the amount of drugs defendant was caught transporting and not on the lesser amount defendant pled guilty to possessing).

The record shows the district court fully discharged its Rule 11 duties: after numerous questions probing Bosgang's personal history, a long recitation of the constitutional rights Bosgang was giving up, and inquiries of Bosgang regarding his understanding and knowing waiver of those rights, the district court reviewed the plea agreement. This review included the statutory penalties for mail fraud. In addition, the district court asked Bosgang's counsel if he had explained the sentencing guidelines; asked Bosgang twice if he understood that the agreement was "only an estimation, and no one is guaranteeing you a particular sentence," to which Bosgang replied, "yes;" discussed with counsel the restitution outlined in the agreement; and asked both Bosgang and his counsel if they had any questions or anything they wanted the court to discuss.

Furthermore, the record is undeniably clear that all parties and Bosgang himself understood the district court would impose restitution for all four class action claims administrators. The three other fraudulent claims were noted in the plea agreement, in the pre-sentence report, and in letters to the court from Bosgang's attorney. Bosgang's own letter to the court stated that he had offered to make full restitution. During the plea hearing, the court and the parties discussed the amount of restitution owed and to whom it was owed, and Bosgang's attorney indicated that Bosgang was ready, willing, and able to pay restitution before his sentencing hearing. Given that the record is replete with evidence that Bosgang had adequate

5

notice and understood his sentence would include restitution to be paid to all four claims administrators, Bosgang cannot argue that he did not and could not understand the nature and scope of his plea agreement.

Lastly, Bosgang argues that the district court should have raised the issue of his competency sua sponte because of a "known medical condition." This argument is without merit. The district court was under no obligation to question Bosgang's competency when his "answers to the court's Rule 11 inquiries, his demeanor and his testimony . . . all appeared to be rational and coherent." Saddler v. United States, 531 F.2d 83, 86 (2d Cir. 1976). "[B]eyond the mere allegation of incompetency raised on appeal," Bosgang "has not alleged any facts or pointed to any evidence in the record that would warrant reopening the issue of his competency." Wojtowicz v. United States, 550 F.2d 786, 791 (2d Cir. 1977). Bosgang does not explain how his physical condition, which was made known to the court, had any impact on his competency, id., and Bosgang's letter to the court, his responses to the Rule 11 proceedings, and his allocution at sentencing indicate he was completely competent at that time. There is no evidence in the record of any "warning flags" or "unusual circumstances" that would have established reasonable grounds to doubt that competence. See id.; see also Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992).

Accordingly the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6