15-195-cr
United States v. Jackson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand sixteen.

**PRESENT:**
> **JOHN M. WALKER, JR.,**
> **GUIDO CALABRESI,**
> **PETER W. HALL,**
> > *Circuit Judges.*

———————————————————————

**United States of America,**

> *Appellee*,

> **v.**                                                                    **15-195-cr**

**Corey Jackson,**

> *Defendant-Appellant.*


———————————————————————

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Randall D. Unger, Esq. Bayside, New York. |
| **FOR APPELLEE:** | Sandra S. Glover, Assistant United States Attorney, Brian P. Leaming, Assistant United States Attorney (on the brief), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, Hartford, Connecticut. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Corey Jackson appeals from the district court's judgment finding him in violation of a condition of supervised release and sentencing him to 60 months' imprisonment consecutive to the two concurrent life terms he is set to serve in the State of Florida. Jackson argues on appeal that the district court abused its discretion by not ordering *sua sponte* a competency hearing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"It is well established that the Due Process Clause . . . prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992). This due process right "spans the duration of a criminal proceeding," including sentencing. *United States v. Arenburg*, 605 F.3d 164, 168-69 (2d Cir. 2010) (per curiam); *see also Saddler v. United States*, 531 F.2d 83, 86 (2d Cir. 1976). Where, as here, neither counsel filed a motion for a hearing to determine incompetency, 18 U.S.C. § 4241(a) requires the court to order *sua sponte* such a hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

We review for abuse of discretion the district court's determination that such "reasonable cause" warranting a competency hearing is absent. *Arenburg*, 605 F.3d at 169.

While there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," *Drope v. Missouri*, 420 U.S. 162, 180 (1975), a district court "must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial," *id.* at 181, because the determination whether "reasonable cause" exists to believe that a defendant is incompetent involves "a highly particularized assessment that varies in each case," *United States v. Kerr*, 752 F.3d 206, 216 (2d Cir. 2014) (quotation omitted). In making this particularized determination, a district court should consider "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope*, 420 U.S. at 180. We recognize that "some degree of mental illness cannot be equated with incompetence," *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986), but note equally that a district court's "observations alone cannot be relied upon to dispense with a hearing on [the issue of competence] if there is substantial other evidence that the defendant is incompetent," *United States v. Quintieri*, 306 F.3d 1217, 1233 (2d Cir. 2002) (quotation omitted).

Although the district court here did not make any explicit findings on the record regarding Jackson's competency, for the reasons that follow we affirm its decision not to order a competency hearing. Judge Chatigny presided over both Jackson's 2008 plea hearing and the 2015 hearing for his violation of a condition of supervised release that we review in this appeal. Before the 2008 hearing, the court granted Jackson's request for a competency hearing and Jackson was found competent to stand trial. At the 2015 hearing, the court listened to defense counsel explain how the issue of Jackson's competency was addressed in the Florida state proceedings, and that despite the inconsistent conclusions proffered by various psychiatric doctors as to Jackson's competency,

3

he was ultimately declared fit to stand trial. Thus, the court was familiar with Jackson's history of mental illness and aware that his competency had been repeatedly tested, with inconsistent results. In addition, the court heard defense counsel explain that although he was displeased with how the competency evaluations were performed and analyzed with respect to the proceedings in Florida, he "[did not] have any issues with how [Jackson] is now," and his competency "was definitely more important at the time [he stood trial in Florida]." App. at 113; *cf. United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) ("A failure by trial counsel to indicate that the defendant had any difficulty in assisting in preparation or in comprehending the nature of the proceedings provides substantial evidence of the defendant's competence.").

The district court did not, however, rely exclusively on the representations of Jackson's counsel. It canvassed Jackson directly, asking him repeatedly whether he was following along and understood what was going on. Jackson responded affirmatively each time. Moreover, Jackson himself spoke cogently at this hearing about what he perceived as a lack of proof underlying his murder conviction.

Because "[t]he question of competency focuses on a defendant's abilities *at the time of* [*the hearing*]," *Kirsh*, 54 F.3d at 1070 (emphasis added), we have held that "the failure to conduct a full competency hearing is not a ground for reversal when the defendant appeared to be competent during [the hearing]," *id*; *see also Vamos*, 797 F.2d at 1150. Of course, a district court should also consider prior psychiatric evaluations and other evidence of mental illness when considering whether to hold a competency hearing. *See Quintieri*, 306 F.3d at 1233. We are satisfied that the district court fulfilled this duty. Given Jackson's cogent demeanor and his counsel's representation that he was competent, the district court judge's familiarity with Jackson's history

4

of mental illness, and the fact that Jackson ultimately was determined to be competent to stand trial in Florida, we conclude that the district court did not abuse its discretion in not ordering a competency hearing.

We have considered Jackson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk