23-6799-cr
United States v. Barreto

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of May, two thousand twenty-five.

PRESENT:   DENNIS JACOBS
           DENNY CHIN,
           STEVEN MENASHI,
                   *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                   *Appellee,*

           v.                                    No. 23-6799-cr

MICHAEL BARRETO,

                   *Defendant-Appellant.*

_____

**FOR APPELLEE:**                    BRANDON D. HARPER, Assistant United
                                     States Attorney (Jacob R. Fiddelman,
                                     Assistant United States Attorney, *on the
                                     brief*), *for* Danielle R. Sassoon, United
                                     States Attorney for the Southern District
                                     of New York, New York, New York.

**FOR DEFENDANT-APPELLANT:**        MICHAEL P. ROBOTTI (Hannah L. Welsh, *on the brief*), Ballard Spahr, LLP, New York, New York, and Philadelphia, Pennsylvania.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 27, 2023 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Barreto appeals from a June 27, 2023 judgment of the United States District Court for the Southern District of New York (Failla, *J.*) convicting him, following a guilty plea, of three counts of enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and three counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1). The district court sentenced Barreto principally to 240 months' imprisonment. On appeal, Barreto argues that there was reasonable cause to believe that he was incompetent to plead guilty and be sentenced, and that the district court abused its discretion by not ordering *sua sponte* a mental competency hearing. In addition, Barreto argues that the district court committed plain error by misstating the maximum term of supervised release at his plea hearing and ordering a $9,000 victim restitution award without any evidence of financial loss to the victims. We assume the parties' familiarity

with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I. Barreto's Competency

Barreto first argues that the district court erred by not *sua sponte* ordering a competency hearing before accepting his guilty plea or sentencing him. We review a district court's decision on whether to hold a competency hearing for abuse of discretion. *See United States v. Quintieri*, 306 F.3d 1217, 1232-33 (2d Cir. 2002).

The Due Process Clause "prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992). "[T]his constitutional right spans the duration of a criminal proceeding." *United States v. Arenburg*, 605 F.3d 164, 168-69 (2d Cir. 2010) (per curiam). "To protect this right, 18 U.S.C. § 4241(a) requires the district court to order a hearing *sua sponte* . . . 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Quintieri*, 306 F.3d at 1232 (quoting 18 U.S.C. § 4241(a)).

In deciding whether there is reasonable cause warranting a competency hearing, the court may rely on many factors, including but not limited to "psychiatrists' reports indicating competency," *United States v. Nichols*, 56 F.3d 403, 412 (2d Cir. 1995), "its own observations of the defendant," *id.*, and defense counsel's judgment, *Quintieri*,

3

306 F.3d at 1222-33. Where the court has reason to believe that the defendant may be incompetent at a critical stage of the proceedings, it must conduct a "minimal inquiry" into the defendant's competency or provide "[its] reasons on the record" for "declining to do so." *Musaid v. Kirkpatrick*, 114 F.4th 90, 111 (2d Cir. 2024).[1]

Here, the district court did not abuse its discretion in not *sua sponte* ordering a competency hearing prior to Barreto's plea or sentencing. The court appointed Dr. Paradis, a psychologist, to conduct a psychological examination of Barreto. Dr. Paradis's report found that although Barreto had "significantly lower than average intellectual functioning," he "demonstrated a simplistic but adequate understanding of the roles of most court personnel and court processes," "the information his attorneys provided," the nature of the charges, and "the strength of [the] . . . evidence" against him. Confidential App'x at 15, 16, 20, 22-23, 25; *see Nichols*, 56 F.3d at 412 ("It is well-established that some degree of mental illness cannot be equated with incompetence to stand trial." (quoting *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986)). "[W]here a defendant has been found competent following a court-ordered evaluation, a district court generally is 'not required to hold a competency hearing before accepting a plea.'" *United States v. Kerr*, 752 F.3d 206, 216 (2d Cir. 2014) (quoting

---

[1]    These concerns are most acute when, unlike here, "a criminal defendant elects to proceed *pro se*," *Arenburg*, 605 F.3d at 169, and the district court therefore lacks guidance from defense counsel.

4

*Wojtowicz v. United States*, 550 F.2d 786, 791 (2d Cir. 1977)).  The district court was "entitled to rely on [this] forensic report that found him competent to understand the proceedings and capable of working with his attorney."  *Id.*

Moreover, the record shows that the district court was acutely aware of Barreto's cognitive limitations and explicitly inquired into these issues at Barreto's plea and sentencing.  Indeed, the district court repeatedly confirmed Barreto's competency throughout these proceedings.  At the plea hearing, in response to the court's inquiries, Barreto and his counsel consistently assured the district court that he understood the proceedings and was competent to move forward.  Nor did defense counsel voice concern with respect to Barreto's competency at sentencing.  "[A] failure by trial counsel to indicate that the defendant had any difficulty assisting in preparation or in comprehending the nature of the proceedings provides substantial evidence of the defendant's competence."  *Quintieri*, 306 F.3d at 1233 (internal quotation marks and citation omitted); *see United States v. Valle*, No. 23-7024, 2024 WL 4798915, at *2 (2d Cir. Nov. 15, 2024) (district court did not abuse its discretion by not ordering a competency hearing *sua sponte* when defense counsel "confirmed that his client was able to discuss the case and could assist in preparation of his case").

Barreto's conduct at the plea and sentencing further demonstrates that he understood the nature of the proceedings against him.  During the Rule 11 colloquy and plea allocution, Barreto responded to each of the judge's questions and described his

5

offense conduct in his own words in a rational and coherent manner. *See Kerr*, 752 F.3d at 216 (district court did not abuse its discretion by not ordering a competency hearing *sua sponte* when it "had the benefit of observing [the defendant] during the . . . pretrial conference and the . . . trial"); *Saddler v. United States*, 531 F.2d 83, 86 (2d Cir. 1976) (per curiam) (district court is not required to question a defendant's competency when his "answers to the court's Rule 11 inquiries, his demeanor and his testimony . . . all appeared to be rational and coherent"). Barreto continued to be cogent at sentencing. For example, he expressed remorse for his conduct and asked the court for leniency, citing his desire to spend time with his aging parents as well as his nieces and nephews. When it appeared that he did not understand a question, the district court permitted Barreto to speak with his counsel for clarification. Under these circumstances, the district court did not abuse its discretion by not ordering a competency hearing *sua sponte*.

In urging otherwise, Barreto argues that the parties' joint request for a psychological examination put the district court on notice that there was reasonable cause to question his competence. In their joint letter to the court, however, the parties expressly requested only an "examination," not a competency hearing. Confidential App'x at 1-2. And although the district court ordered the examination, it was not required to thereafter order a competency hearing unless there was reasonable cause to question Barreto's competency following the examination -- and no such cause was

6

presented. *See Kerr*, 752 F.3d at 216 (no abuse of discretion where court declined to order competency hearing after a court-ordered competency examination pursuant to 18 U.S.C. § 4244(b) found the defendant to be competent).

Baretto separately contends that his sentencing submissions, including a June 11, 2023 report from a licensed social worker (the "Mercer Report"), suggested that his competency had declined between his plea colloquy and his sentencing. But the observations made in Barreto's sentencing submissions, including the Mercer Report, were largely consistent with Dr. Paradis's conclusions, and therefore did not cast doubt on the reliability or continued relevance of Dr. Paradis's findings. Without any further basis to question Barreto's competency, the district court did not abuse its discretion in not ordering a hearing *sua sponte*.

## II. Rule 11 Error

Barreto next argues that the district court erred by misstating the maximum term of supervised release at his change of plea hearing. Rule 11 of the Federal Rules of Criminal Procedure requires that, "[b]efore the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b), 11(b)(1)(H).

The district court mistakenly advised Barreto that the maximum term of supervised release was five years when in fact it was life. Barreto, however, failed to

object to the Rule 11 violation. Therefore, we "review it for plain error under Fed. R. Crim. P. 52(b)." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005). "Appellant bears the burden of establishing such an error" by demonstrating that there is "a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (citation omitted). Barreto has not made the required showing.

"In assessing the likely effect of a Rule 11 error, we are to examine the entire record." *Id.* "Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no 'reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met.'" *Vaval*, 404 F.3d at 152 (quoting *Dominguez Benitez*, 542 U.S. at 103) (alterations adopted).

Here, there is no question that Barreto and his counsel learned of the district court's misstatement prior to sentencing. The Pre-Sentence Report stated the correct maximum term of supervised release. At sentencing, Barreto and his counsel affirmed that they had reviewed the PSR. Defense counsel also noted the correct term of supervised release in its sentencing memorandum and urged the court to impose up to a lifetime of supervised release in lieu of a longer prison term. Yet Baretto never moved to withdraw his plea, nor did he object at sentencing or any time after sentencing. Accordingly, Barreto has not established a reasonable probability that the

8

court's Rule 11 violation affected his decision to plead guilty, and he has failed to meet his burden under plain error review.

## III. Restitution Award

Lastly, Barreto argues that the district court erred in issuing a $9,000 victim restitution award even though the government produced no evidence of the victims' losses. Barreto pleaded guilty to three offenses that qualify as "trafficking in child pornography." 18 U.S.C. § 2259. Restitution for these offenses is "mandatory" and is to reflect the "defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." *Id.* Before ordering restitution, however, the district court must first determine that the victims suffered financial losses caused by the existence of child pornography in which they are depicted and that has not been fully compensated through other means. *Id.*; *id.* § 3664. There is no dispute that the government did not present evidence of financial losses resulting from Barreto's offenses, and the district court did not make any findings of the same. The district court therefore erred when it ordered Barreto to pay $9,000 in restitution without making the necessary findings regarding financial loss.

As with his Rule 11 challenge, however, Barreto failed to object to the restitution order below. While we have "discretion to correct errors that were forfeited because [they were] not timely raised in the district court, . . . no such discretion applies when there has been true *waiver*." *United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015)

9

(emphases in original). True waiver occurs when the defendant makes an "intentional decision not to assert a right," *id.* at 597, or a "deliberate choice to relinquish the protection th[e] right[ ] afford[s]," *Berghuis v. Thompkins*, 560 U.S. 370, 385 (2010).

We find that Barreto has waived any challenge to the $9,000 victim restitution award. At sentencing, the district court solicited arguments from both parties regarding the appropriate amount of restitution. The government requested a $9,000 victim restitution award, consisting of $3,000 per count on Counts Three, Five, and Six. Defense counsel agreed, stating "[i]n terms of restitution, your Honor, I believe that the Court should impose the minimum restitution required, the $9,000 for Counts Three, Five, and Six." App'x at 218. Thus, counsel not only failed to object to the $9,000 restitution award but affirmatively urged the court to impose the award. *See Spruill*, 808 F.3d at 599 (finding waiver where a party "actively engaged in the matter and agreed to [the] action taken by the district court"); *United States v. Rainford*, 110 F.4th 455, 472 (2d Cir. 2024) (finding waiver when the defendant's response "was intentional and affirmative").

Defense counsel also received a clear "tactical benefit" by agreeing to this award. *See Spruill*, 808 F.3d at 599 (Although a "tactical benefit" is not a "prerequisite to identifying waiver," it provides additional "evidence that the relinquishment of a right was intentional."). Had the court determined that the victims suffered concrete financial losses, the court would have been obligated to impose a mandatory minimum

10

of at least $3,000 on each count, and very well could have gone above that amount. By agreeing to the $9,000 award, Barreto secured the lowest restitution award possible in the circumstances. Upon this record, we conclude that Barreto's challenge to the restitution award is waived.

* * *

We have considered Barreto's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11