**UNITED STATES of America, Appellee,**

v.

**Patrick PELLEGRINI,**
**Defendant–Appellant.**

**No. 1043, Docket 90–1233.**

United States Court of Appeals,
Second Circuit.

Argued March 1, 1991.

Decided March 21, 1991.

David A. Lewis, New York City (Henriette D. Hoffman, Legal Aid Soc., Federal Defender Services Unit, of counsel), for defendant-appellant.

John Gleeson, Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. E.D.N.Y., Matthew E. Fishbein, Laura A. Ward, Asst. U.S. Attys., of counsel), for appellee.

Before OAKES, Chief Judge, CARDAMONE and MAHONEY, Circuit Judges.

---

**56**

PER CURIAM:

Patrick Pellegrini appeals from a judgment of the United States District Court for the Eastern District of New York, Thomas C. Platt, *Chief Judge*, convicting him after a plea of guilty to distributing cocaine in violation of 21 U.S.C. § 841. This appeal involves the court's decision to sentence Pellegrini to 78 months' imprisonment, to be followed by a five year term of supervised release. For the reasons set forth below, we affirm.

For purposes of sentencing, Pellegrini's base offense level was calculated as 26, based on the seizure of 724 grams of cocaine at Pellegrini's apartment. The court added two levels to this number, on the ground that a loaded shotgun had been found where the drugs were being stored. *See* U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed during commission of the offense, increase by 2 levels."). Subtracting two levels for acceptance of responsibility, the court set the final offense level at 26.

On appeal, Pellegrini argues that the court erred in making a two-level upward adjustment under section 2D1.1(b)(1). His claim is that, although a weapon was present in his apartment at the time of his arrest, the evidence does not indicate that the weapon was "possessed during commission of the offense," *i.e.*, at the time the cocaine was distributed. We believe this argument misconstrues the scope of section 2D1.1(b)(1).

The applicability of a specific offense characteristic, such as section 2D1.-1(b)(1), depends on whether the conduct at issue is "relevant" to the offense of conviction. *See* U.S.S.G. § 1B1.3. With respect to offenses involving "aggregate harms," such as drug offenses, *see* U.S.S.G. § 3D1.2(d), relevant conduct consists of all "acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see also United States v. Kim*, 896 F.2d 678, 682 (2d Cir.1990). Here, it is undisputed that a weapon was present at the place the drugs were being stored. Because storing drugs is "rele-

vant" to the offense for which Pellegrini was convicted, an upward adjustment based on the gun's presence was appropriate. *See United States v. Schaper*, 903 F.2d 891, 896 (2d Cir.1990) (concluding that "[t]he presence of a weapon on [the defendant's] premises cannot be said to be unrelated to the ongoing narcotics trade" where the defendant stored narcotics in his house and used the house to arrange narcotics deals). *See generally United States v. Franklin*, 896 F.2d 1063, 1065–66 (7th Cir.1990) (citing cases).

Pellegrini's reliance on *United States v. Rodriguez–Nuez*, 919 F.2d 461 (7th Cir. 1990), is unfounded. In that case, the defendant, who had pleaded guilty to possessing cocaine at one location, objected to a two-level upward adjustment based on firearms recovered "several miles" away. *Id.* at 466. In reversing the district court's upward adjustment, the Seventh Circuit emphasized the remoteness of the narcotics from the firearms, and the absence of evidence that the defendant "ever possessed the guns at the same time he was close to the seized cocaine." *Id.* Because, in the present case, the gun was located in the same apartment as the cocaine, *Rodriguez–Nuez* is inapplicable.

Accordingly, the judgment of the district court is affirmed.