**UNITED STATES of America,**
**Appellee,**

v.

**Eddy SEVERINO, Defendant–**
**Appellant.**

**No. 03–1768.**

United States Court of Appeals,
Second Circuit.

Oct. 29, 2004.

Paul E. Warburgh, Jr., New York, NY., for Defendant–Appellant.

Timothy J. Treanor, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, on the brief; Joshua A. Levine, Assistant United States Attorney, of counsel), New York, NY., for Appellee.

Present: STRAUB, POOLER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 29th day of October, two thousand and four.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Defendant–Appellant Eddy Severino ("Severino") appeals from the December 9, 2003 judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*) convicting him, after a guilty plea, of conspiracy to distribute and possess with intent to distribute, and distribution of and possession with intent to distribute, one kilogram and more of mixtures and substances containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846, and sentencing him to 360 months' imprisonment, a five-year term of supervised release, and a mandatory special assessment of $200. On appeal, Severino challenges his sentence on the grounds that the District Court erroneously applied a four-level upward adjustment for his role as an organizer or leader in the conspiracy and a two-level upward adjustment for possession of a dangerous weapon.[1] We assume familiarity with the underlying facts and the procedural history of this case.

In reviewing the District Court's sentencing determinations, we review the factual findings for clear error and the interpretation and application of the Sentencing

---

1. At oral argument, Severino raised a Sixth Amendment challenge under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), on the ground that the enhancements made to his sentence were based on facts found by the District Court by a preponderance of the evidence. In accordance with *United States v. Mincey*, 380 F.3d 102, 105–06 (2d Cir.2004), this challenge is rejected.

Guidelines *de novo. See United States v. Smythe*, 363 F.3d 127, 128 (2d Cir.) (per curiam), *cert. denied,* —— U.S. ——, 124 S.Ct. 2862, 159 L.Ed.2d 284 (2004).

■ Section 2D1.1(b)(1) of the United States Sentencing Guidelines provides for a two-level enhancement to the base offense level of certain drug offenses if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The Application Note to this section indicates that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 3; *see also United States v. Ortega*, 94 F.3d 764, 767 (2d Cir.1996) ("The applicability of a specific offense characteristic, such as section 2D1.1(b)(1), depends on whether the conduct at issue is relevant to the offense of conviction.") (internal quotation marks omitted). "The sentencing court's finding that a firearm was possessed in connection with a drug offense for purposes of § 2D1.1 will not be overturned unless it is clearly erroneous." *United States v. Stevens*, 985 F.2d 1175, 1188 (2d Cir.1993).

Based on the evidence presented at the February 11, 2003 sentencing hearing (held pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir.1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1221, 59 L.Ed.2d 458 (1979)), the District Court found that guns were present in the apartment where the conspiracy to distribute heroin operated (the "heroin mill"), that Severino supplied guns to his drug customers as an accommodation, and that at least one of the drug customers to whom Severino supplied guns was a narcotics dealer who was likely to use the guns in his own drug dealings. These findings are supported by the record and are not clearly erroneous. Based on these findings, the District Court properly enhanced Severino's sentence under § 2D1.1(b)(1). *See Smythe*, 363 F.3d at

129 (finding enhancement appropriate where defendant traded drugs for firearms); *United States v. Pellegrini*, 929 F.2d 55, 56 (2d Cir.1991) (per curiam) (upholding application of § 2D1.1(b)(1) enhancement where a gun was found in the apartment where the defendant stored his narcotics); *United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 182–83 (2d Cir.) (upholding application of enhancement where gun found in apartment at the time drug transaction took place), *cert. denied*, 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990).

■ Severino also argues that District Court erred in applying a four-level upward adjustment based on his role in the offense. Section 3B1.1(a) of the guidelines provides for a four-level increase to the base offense level if the criminal activity involved five or more participants and the defendant was an "organizer or leader." U.S.S.G. § 3B1.1(a). "In evaluating a defendant's role, we look to factors such as 'the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" *United States v. Yu*, 285 F.3d 192, 200 (2d Cir.2002) (quoting *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990) (per curiam)). A "sentencing court's findings as to the defendant's role in the offense will be overturned only if they are clearly erroneous." *United States v. Napoli*, 179 F.3d 1, 15 (2d Cir. 1999) (internal quotation marks omitted), *cert. denied*, 528 U.S. 1162, 120 S.Ct. 1176, 145 L.Ed.2d 1084 (2000).

Here, based on the evidence presented at the *Fatico* hearing and the testimony of witnesses from the trial of one of Severino's co-conspirators, the District Court found that Severino hired, managed, and paid the employees of the heroin mill, di-

rected how much heroin would be packaged, and directed the contacts with the heroin suppliers and customers, and that Severino led at least five individuals as part of the operation of the heroin mill. Based on these findings, which are supported by the record and are not clearly erroneous, the District Court properly enhanced Severino's sentence based on his role as an organizer or leader of criminal activity involving five or more participants.

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* ── U.S. ──, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.), and *United States v. Fanfan,* ── U.S. ──, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*