**UNITED STATES of America,**
**Appellee,**

v.

**Godfried MARTIN, Garfield Douglas,**
**Defendants–Appellants.**

**Nos. 06–1099–cr(L), 06–4115–cr(con).**

United States Court of Appeals,
Second Circuit.

Sept. 25, 2008.

Barry S. Turner, New York, NY, for Defendant–Appellant Martin.

Norman Trabulus, New York, NY, for Defendant–Appellant Douglas.

Jonathan Nathanson, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. LOUIS F. OBERDORFER, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Garfield Douglas appeals from the district court judgment sentencing him to a twenty-seven-month term of imprisonment after his conviction for conspiring to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § § 846, 841(a)(1) and 841(b)(1)(D), and possession with intent to distribute more than five grams of marijuana within one thousand feet of a public elementary school in violation of 21 U.S.C. §§ 860(a) and 841(a)(1). We assume the parties' familiarity with the facts and proceedings in the district court.

We review de novo the district court's application of the United States Sentencing Guidelines ("Guidelines" or "USSG"). See United States v. Fuller, 426 F.3d 556, 562 (2d Cir.2005). We find no merit in Douglas's argument that the district court made insufficient findings to support the application of the firearm enhancement, pursuant to USSG § 2D1.1(b)(1), to his base offense level. It is well established that "[t]he applicability of a specific offense characteristic such as section 2D1.1(b)(1) depends on whether the conduct at issue is relevant to the offense of conviction." United States v. Pellegrini, 929 F.2d 55, 56 (2d Cir.1991) (per curiam)(internal quotation marks omitted). With respect to narcotics conspiracies the relevant conduct includes the possession of a dangerous weapon, which results in a two-level enhancement. See U.S.S.G. § 2D1.1(b)(1). The Guidelines specifically provide for the application of this enhancement where "the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 Commentary, Application Note, n. 3. Finally, a district court is required to determine facts relevant to Guidelines enhancements by a preponderance of the evidence. United States v. Garcia, 413 F.3d 201, 220 n. 15 (2d Cir. 2005).

In this case, the district court's factual determinations were sufficient to establish by a preponderance of the evidence that it was not "clearly improbable" that the firearm discovered in Douglas's vehicle was involved in the offense. At sentencing, the court noted that Douglas had tossed the firearm into the vehicle after he had fled from police. The court referenced testimony elicited at trial that the weapon had been discovered in the vehicle where the officers had also discovered the quantity of marijuana that formed the basis for Douglas's conviction for narcotics conspiracy. Douglas argues that the district court erred in failing to find specifically that he, as opposed to his co-defendant, had actual-

[1]. The Honorable Lewis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

ly possessed the weapon. No such finding was necessary, however, as the district court could properly apply the enhancement provided it was not "clearly improbable" that the weapon was involved in this defendant's offense. Accordingly, Douglas's argument presents no basis upon which to disturb the district court's judgment in this case.

We dispose of Douglas's remaining claims, and those of his co-defendant Godfried Martin, both of which challenge the Government's burden of proof under 21 U.S.C. § 860(a), in an opinion filed simultaneously with this order.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.