09-3309-cr
United States v. Crawford-Bey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 1st day of December, two thousand and ten.

Present:     JON O. NEWMAN,
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                    *Appellee*,

            -v-                                              09-3309-cr

MALIK CRAWFORD-BEY, also known as MALIK BEY,
also known as ALI CRAWFORD-BEY, also known as
JUAN CRAWFORD-BEY, also known as ALI JUAN BEY,

                                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Norman Trabulus, Attorney, New York, N.Y.

Appearing for Appellee:      Tristram J. Coffin, United States Attorney; Nancy J. Creswell,
                             Gregory L. Waples, Assistant United States Attorneys, *on
                             submission*, Burlington, VT.

     Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further findings with respect to the sentence.

Defendant-Appellant Malik Crawford-Bey ("Crawford-Bey") was convicted on one count of conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846, and on two counts of distributing heroin in violation of 21 U.S.C. § 841. On July 28, 2009, Judge J. Garvan Murtha of the United States District Court for the District of Vermont, who also presided over Crawford-Bey's trial, sentenced Crawford-Bey to 168 months' imprisonment followed by a six-year term of supervised release, and a special assessment of three hundred dollars. Crawford-Bey now appeals.

On appeal, Crawford-Bey principally challenges the gun possession enhancement the district court applied pursuant to U.S.S.G. § 2D1.1(b)(1). He argues the district court erred in imposing the enhancement because it failed to make any specific findings that the weapon was possessed during the relevant offense conduct, as required by § 2D1.1(b)(1), and even if it had, such a finding would not have been supported by a preponderance of the evidence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, the standard of review for sentencing is one of "reasonableness." *United States v. Booker*, 543 U.S. 220, 260-62 (2005). Reasonableness review is akin to a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007). Review to determine whether a sentence is "reasonable" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). In this case, appellant only alleges procedural unreasonableness, in that the district court incorrectly applied a sentencing Guidelines enhancement. To impose a procedurally reasonable sentence district courts must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007); *accord Gall*, 552 U.S. at 53. Procedural error occurs in situations where the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; or deviates from the Guidelines without explanation. *See Johnson*, 567 F.3d at 51-52.

A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings are reviewed for clear error, in recognition of the lower "preponderance of the evidence" standard that applies at sentencing. *See United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004); *see also* 18 U.S.C. § 3742(e). In deciding upon a sentence, a district court has the discretion to rely on the wide array of facts available to it, including information set forth in the pre-sentence report, as well as circumstantial evidence. *See United States v. Sisti*, 91 F.3d 305, 312-13 (2d Cir. 1996). In particular, a sentencing court's determination "that a firearm was possessed in connection with a drug offense for purposes of § 2D1.1 will not be overturned unless it is clearly erroneous." *United States v. Santiago*, 384 F.3d 31, 33 (2d Cir. 2004) (internal quotation marks and citation omitted).

Crawford-Bey does not dispute the district court's factual findings. Instead, he challenges the application of the Guidelines to the set of facts, and argues the district court did not make specific findings relating the presence of the guns to the relevant offense conduct. We agree insofar as the district court failed to articulate specific findings relating the guns to the offense conduct, but make no finding regarding the district court's application of the enhancement to the set of facts.

"The applicability of a specific offense characteristic, such as section 2D1.1(b)(1), depends on whether the conduct at issue is 'relevant' to the offense of conviction." *United States v. Pellegrini*, 929 F.2d 55, 56 (2d Cir. 1991) (per curiam). With offenses such as the drug-related one at issue here, "relevant conduct consists of 'all acts or omissions that were part of the same . . . scheme or plan as the offense of conviction.'" *Id.* (citing U.S.S.G. § 1B1.3(a)(2)). Where relevant offense conduct takes place, the court must find that a gun was present during such conduct. The storing of drugs has been uniformly considered "relevant conduct" to the offense. *See id.* (finding that "[b]ecause storing drugs is 'relevant' to the offense for which [defendant] was convicted, an upward adjustment based on the gun's presence was appropriate"); *see also United States v. Schaper*, 903 F.2d 891, 896 (2d Cir. 1990) (finding that the presence of a weapon on premises which were used to store drugs, where house phone was used to arrange drug deals, and where records of the narcotics transactions were kept, was connection enough with the offense conduct to warrant a gun level enhancement).

In this case, there were a total of four guns attributed to Crawford-Bey, which he gave, in pairs, to other people. While Crawford-Bey acknowledges the guns were his, he argues that his actions reflect an attempt on his part to distance the firearms from the relevant offense conduct. Moreover, he states he could not have accessed the firearms on short notice. Crawford-Bey gave one set of guns to an unindicted co-conspirator--he asked her to keep a backpack without informing her of its contents--and in exchange for the favor, he gave her cocaine. The unindicted co-conspirator took the backpack to her parents' house to store. It was not until after the police had executed a search warrant for her apartment that the co-conspirator saw the contents of the bag and threw the guns away. The second set of guns was given to a woman who received cocaine from Crawford-Bey and who lived in an apartment upstairs from where Crawford-Bey conducted drug deals. She shared the apartment with a roommate who was a part of the drug-related conspiracy. The woman looked inside the bag and saw there were two guns; she kept the bag in her room, under her bed. The apartment where the woman kept the guns was used, at least once and likely more, to cook cocaine, or "rerock" it. The woman who was keeping the guns did not, however, participate in the rerocking, and she was not considered a part of the conspiracy.

With respect to the gun possession enhancement, the district court judge stated only: "Two and two [guns] that were given to them by Mr. Crawford-Bey. So, while he was certainly dealing the drugs [sic]." The court did not elaborate upon its conclusion, nor clarify whether the enhancement was based on both sets of guns, or on one set in particular. The first set of guns was removed from the apartment where drugs were being dealt, while the second set was given to a non-conspirator to store. We appreciate that the requirements for imposing a gun possession enhancement are not especially difficult to meet. *See United States v. Smith*, 215 F.3d 237, 240 (2d Cir. 2000) (holding that even where defendant personally did not own weapons in question, or sleep in room where weapons were found, gun possession enhancement applied because "guns

3

were found in the same room as cocaine base and paraphernalia used to cut and weigh cocaine"); *accord United States v. Sweet*, 25 F.3d 160, 162-63 (2d Cir. 1994) (finding that even when sales of drugs were conducted in another area, and defendant was arrested several miles away from guns, drug possession enhancement applied because weapon was present where drugs were stored). Nevertheless, the district court must be able to specify the basis for its holding. *See United States v. Ortega*, 94 F.3d 764, 767-68 (2d Cir. 1996) (remanding to the district court because although it determined possession, it "did not find that defendants-appellants were involved in drug activity at that time, or that any drug activity in which they were then involved was part of the same course of conduct or common scheme or plan as the later-occurring offense of conviction"). We therefore remand to the district court to make specific findings, expressing no view as to whether the record evidence supports the imposition of the enhancement.

We have considered Crawford-Bey's remaining contentions and find them to be without merit. Accordingly, the case is hereby REMANDED for further findings with respect to the sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4