09-3618-cr
United States v. Monk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of April two thousand and ten.

Present:     JON O. NEWMAN,
             JOHN M. WALKER, JR.
             ROSEMARY S. POOLER,
                          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

             *Appellee*,

             -v-                                         09-3618-cr

DAMON MONK,
             *Defendant-Appellant*,

KAREEM WEST, JAMAL WINDLEY, DARREN FINKLEA,

             *Defendants*.

_____

Appearing for Appellant:     Georgia J. Hinde, Attorney, New York, N.Y.

Appearing for Appellee:      Loretta E. Lynch, United States Attorney for the Eastern District of
                             New York, *on the brief*; Susan Corkery, Carter H. Burwell,
                             Assistant United States Attorneys, *of counsel*, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED and REMANDED**.

Defendant-Appellant Damon Monk ("Monk") pleaded guilty to three counts of conspiring to distribute, and possess with intent to distribute, more than 50 grams of cocaine base, or "crack," and MDMA, or "ecstasy," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(c), and 846; and with using an apartment to manufacture, distribute and store these drugs in violation of 21 U.S.C. § 856. On August 10, 2009, Judge Nicholas G. Garaufis of the United States District Court for the Eastern District of New York sentenced Monk to a total of two hundred sixty-two months' imprisonment, five years of supervised release, and a three hundred dollar special assessment. Monk now appeals.

On appeal, Monk argues the sentence imposed was procedurally and substantively unreasonable. Monk argues the sentence imposed was procedurally unreasonable because the district court miscalculated the appropriate Guidelines range by applying a two-level upward adjustment for possession of a gun pursuant to U.S.S.G. § 2D1.1(b)(1); applying a three-level upward adjustment for holding a managerial or supervisory role in the offense pursuant to U.S.S.G. § 3B1.1(b); and refusing to take into account a downward responsibility adjustment pursuant to U.S.S.G. § 3E1.1(a). Monk argues the sentence imposed was substantively unreasonable because the district court did not look to the factors under 18 U.S.C. § 3553(a), nor did it take into consideration the sentencing disparities between crack and powder cocaine offenses, especially in light of the recently passed Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, the standard of review for sentencing is one of "reasonableness." *United States v. Booker*, 543 U.S. 220, 260-62 (2005). Reasonableness review is akin to a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007). Review to determine whether a sentence is "reasonable" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). To impose a procedurally reasonable sentence district courts must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007); *accord Gall*, 552 U.S. at 53. If the district court is found to have committed no procedural errors, "the appellate court should then consider the substantive reasonableness of the sentence imposed" which includes looking at the "totality of the circumstances." *Gall*, 552 U.S. at 51.

A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings are reviewed for clear error, acknowledging the lesser standard of proof at sentencing of preponderance of the evidence. *See United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004); *see also* 18 U.S.C. § 3742(e). In deciding upon a sentence, a district court has the discretion to rely on the wide array of facts available, including circumstantial evidence, and information set forth in the pre-sentence report. *See United States v. Sisti*, 91 F.3d 305, 312 (2d Cir. 1996).

The district court increased Monk's offense level by two pursuant to § 2D1.1(b)(1), which directs a sentencing court to impose such an increase if "a dangerous weapon (including a firearm) was possessed." The court based its decision on: (1) co-defendant Darren Finklea's ("Finklea") testimony regarding Monk's possession of a gun, (2) a shoe box with ammunition and a pistol magazine that police found in the closet of Monk's bedroom when they searched his apartment in Brooklyn, (3) a police invoice itemizing the seized bullets, (4) a photograph, with the year 2003 stamped on the back, of Monk holding two guns, (5) Finklea's claim that he had seen Monk holding guns similar to those shown in the photo that were of a caliber that corresponded to the seized ammunition, and (6) the 85 rounds of seized ammunition at the time of his arrest. No gun was ever recovered.

Monk argues the evidence on which the court relied does not possess the "sufficient indicia of reliability to support its probable accuracy" as set forth in U.S.S.G. § 6A1.3(a), p.s. Monk states that Finklea's testimony was not credible, and that the photo, taken at the latest in 2003 as indicated by the date stamped on the back, is not probative of whether Monk possessed a gun at the time of the offense in 2006, or during the two-year period before his arrest during which the Government alleged Monk was engaged in similar offense conduct.

Monk's objection to the reliability of the testimony and accompanying evidence fails. Credibility determinations are largely within the discretion of the district court and are reviewed under the deferential standard for clear error. *See Gaskin*, 364 F.3d at 466 (deferring to the district court's credibility findings regarding a witness's testimony on gun possession); *see also United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (noting that district court's assessment of witnesses' credibility is entitled to "particular deference"). It was well within the court's discretion to decide Finklea's testimony was truthful and sufficiently corroborated by the circumstantial evidence which included a photo of Monk holding two guns, and a large quantity of ammunition present in the apartment. *See United States v. Stevens*, 985 F.2d 1175, 1188 (2d Cir. 1993) (affirming the proposition that a "sentencing court's finding that a firearm was possessed in connection with a drug offense for purposes of § 2D1.1 will not be overturned unless it is clearly erroneous").

Monk further argues that even assuming its reliability, the evidence is incapable of supporting the imposition of the adjustment to his case. While the evidence supports a contention that Monk possessed a gun, at some point in his past, he asserts that Finklea's testimony nowhere relates the gun to the relevant offense conduct. Finklea alleges he saw Monk carry guns, but he explained Monk carried them for personal protection "[f]rom people on the street or if anybody got out of line with his family members or anything like that." The ammunition and the photograph suffer from similar deficiencies--although they prove that Monk at some point possessed a gun, they do not establish the necessary connection between the gun and the offense conduct.

Cases supporting a gun possession enhancement are premised on either the finding of a gun, or on other evidence establishing the possession of a gun during the offense conduct. *See, e.g.*, *Gaskin*, 364 F.3d at 466 (applying gun possession enhancement where witness saw defendant armed while buying drugs); *United States v. Smith*, 215 F.3d 237, 238 (2d Cir. 2000) (finding gun possession enhancement warranted where three handguns were found); *United*

3

*States v. Sweet*, 25 F.3d 160, 162-63 (2d Cir. 1994) (holding enhancement was warranted where two guns were seized from defendant's residence where drugs were also cut and sold).  Were we to affirm the imposition of the enhancement without a specific finding linking the testimony to the relevant offense conduct, we would be expanding the scope of the enhancement in an unprecedented manner.

"The applicability of a specific offense characteristic, such as section 2D1.1(b)(1), depends on whether the conduct at issue is 'relevant' to the offense of conviction."  *United States v. Pellegrini*, 929 F.2d 55, 56 (2d Cir. 1991).  Drug offenses involve a wide scope of "relevant conduct" including "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."  U.S.S.G. § 1B1.3(a).  Nevertheless, a weapon must have been "possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction" for the enhancement to apply.  *United States v. Ortega*, 94 F.3d 764, 767 (2d Cir. 1996) (quotation marks and citation omitted).  In *Ortega*, the district court found defendants possessed a firearm, but "did not find that defendants-appellants were involved in drug activity at that time, or that any drug activity in which they were then involved was part of the same course of conduct or common scheme or plan as the later-occurring offense of conviction."  *Id.* at 768.  The reviewing court therefore remanded, explaining "it was necessary to make a prior determination that the asserted possession of a weapon occurred *during conduct relevant* to the offense of conviction."  *Id.* (emphasis added).  The reasoning in *Ortega* applies with equal force to Monk's case, and additional findings by the district court are necessary to justify the application of § 2D1.1(b)(1).

The importance of the gun possession enhancement, which recognizes the danger inherent in the mere presence of guns during the commission of drug offenses, is by no means overcome in our holding.  *See* U.S.S.G. § 2D1.1(b), cmt. 3.  The district court correctly appreciated the section's important function, stating before imposing its sentence: "When guns are used people die."  Accordingly, we remand to the district court to make specific findings on whether a gun was possessed during the relevant offense conduct, and we express no view as to whether the record evidence would support such a finding.  *See Ortega*, 94 F.3d at 768.

We have considered Monk's remaining contentions, and find them to be without merit.  Accordingly, the judgment of the district court hereby is VACATED and REMANDED for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4