16-66-cr
United States v. Severino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand sixteen.

PRESENT:  AMALYA L. KEARSE,
　　　　　 RICHARD C. WESLEY,
　　　　　 CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　No. 16-66-cr

FEDIS PERALTA, AKA NICHOLAS MONTANEZ, ROBERTO RICHARDS, ALEXIS ROSARIO, MANUEL ROASRIO, ANSELMO SEVERINO, AKA ANSELMO SEVERINO DURAN, MANUAL VARGAS,

　　　　　　　　*Defendants,*

EDDY SEVERINO,

　　　　　　　　*Defendant-Appellant.*

------------------------------------------------------------------------

FOR APPELLEE:　　　　　　　Jason A. Richman, Brian R. Blais, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

1

FOR DEFENDANT-APPELLANT:        Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY.

Appeal from a final order of the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Eddy Severino was convicted, following a guilty plea, of one count of conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). He was sentenced to a term of 360 months' imprisonment[1] and five years' supervised release.[2] On August 3, 2015, Severino filed a motion to reduce his sentence to 262 months' imprisonment—the bottom of his adjusted Guidelines range of 262 to 327 months—pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.[3] The district court granted the motion in part and denied it in part, and reduced Severino's sentence to a term of 300 months. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's ruling on a motion for sentence reduction for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). As we have previously explained, a district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

In deciding whether a reduction in Severino's sentence was warranted, the district court noted that Severino lacked a criminal history of violent or assaultive behavior.

---

[1] Severino's applicable Guidelines range was 324 to 405 months' imprisonment.

[2] This Court affirmed Severino's sentence on appeal, but held the mandate pending the Supreme Court's decision in *United States v. Booker*, 542 U.S. 956 (2004), and *United States v. Fanfan*, 542 U.S. 956 (2004). *United States v. Severino*, 114 F. App'x 428, 431 (2d Cir. 2004) (summary order). Following *Booker*, this Court remanded Severino's case for further proceedings. *See United States v. Severino*, 125 F. App'x 362, 362 (2d Cir. 2005) (summary order). On remand, the district court determined that it would have imposed the same sentence had the Guidelines been advisory at the time and declined to resentence Severino. *United States v. Severino*, No. 1:01-cr-00302-JFK-1 (S.D.N.Y. Apr. 9, 2009), ECF No. 163.

[3] Severino filed his motion *pro se*. The Federal Defenders of New York subsequently filed a supplemental letter-motion on his behalf.

Nonetheless, the district court cited two aggravating factors—that Severino's offense involved the use of a weapon, and that he had been sanctioned once for violence while incarcerated—and concluded that a "reduction to the bottom of the revised Guidelines range [was] inappropriate." App'x at 80. On appeal, Severino argues that the district court's reliance on these two factors was erroneous. He also challenges his reduced sentence as substantively unreasonable. We address each argument in turn.

### 1. Use of a Firearm

Severino contends that the district court erred in concluding that his offense involved the "use" of a firearm and that, at most, the record supports a finding of mere possession. In so arguing, Severino relies primarily on *Bailey v. United States*, 516 U.S. 137 (1995). There, the Supreme Court held that, for purposes of 18 U.S.C. § 924(c)(1), "use" of a firearm requires "active employment" and that, consequently, mere possession cannot constitute "use" under that statute. *Id.* at 143.

This argument misses the mark. During Severino's initial sentencing proceedings, the district court found that guns were present in the apartment where the drug conspiracy operated and were clearly "tools of the heroin trade," App'x at 46; that Severino supplied guns to his drug customers as an accommodation, which in turn "enhanced [his] narcotics business," *id.*; and that it was foreseeable to Severino that his customers would use guns in their own drug dealings. In light of those findings, the court imposed a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a narcotics conviction. That enhancement, and its underlying factual findings, were affirmed on appeal. *See United States v. Severino*, 114 F. App'x 428, 430 (2d Cir. 2004) (summary order). It is clear to us that, in stating that Severino's original conduct "involved the use of a weapon" when ruling on Severino's motion for sentence reduction, *see* App'x at 80, the district court was merely referencing those earlier factual findings. As such, we discern no error in the district court's statement. Nor do we identify any abuse of discretion in the court's consideration of those findings to determine the extent of sentence reduction warranted under 18 U.S.C. § 3582(c).

### 2. Disciplinary Infraction

Severino next argues that the district court abused its discretion in relying on a single, fourteen-year-old disciplinary sanction as the basis for not reducing his sentence to the bottom of the amended Guidelines range. In support of this argument, Severino points to the Government's letter responding to his motion for sentence reduction, in which the Government expressed its view that the infraction, standing alone, did not counsel against the district court granting a sentence reduction. Severino also emphasizes that the altercation leading to his infraction did not result in any injuries or criminal

3

charges; that the remainder of his incarceration has been without incident; and that he lacks a criminal history of violent or assaultive behavior.

Although this record may have supported a greater reduction in Severino's sentence, it is well established that the "weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case."). Here, the district court considered these factors and granted Severino a sixty-month reduction in his sentence. We cannot say that this was an abuse of the court's discretion.

### 3. Substantive Unreasonableness

Finally, Severino challenges his reduced sentence as substantively unreasonable. Specifically, Severino points to his age, his good record and rehabilitation while incarcerated, and his lack of violent or assaultive criminal history as evidence that he poses no danger to society and is unlikely to recidivate.

As an initial matter, we note that this Court has yet to squarely decide whether a district court's ruling on a motion under 18 U.S.C. § 3582(c) is reviewable for substantive reasonableness. *See United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (recognizing that § 3582(c)(2) proceeding is not subject to same procedural requirements as plenary resentencing proceeding); *see id.* at 195–96 (holding that at least some statement of reasons by district court is needed for meaningful appellate review, but not specifying whether such review includes review for substantive reasonableness).

Assuming *arguendo* that such review applies, Severino's challenge nonetheless fails. A sentence is substantively unreasonable when it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Thus, we will set aside a district court's ruling as substantively unreasonable "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Here, the district court reduced Severino's sentence to a term of 300 months' imprisonment. That the court refused to reduce Severino's sentence further does not render it substantively unreasonable. Nor is a sentence of 300 months "shockingly high" or "unsupportable as a matter of law" given the nature of Severino's criminal conduct and the aggravating factors discussed above. *See Rigas*, 583 F.3d at 123. Severino's challenge is therefore meritless.

\*     \*     \*

We have considered Severino's remaining arguments and conclude that they are without merit. We therefore AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court